## EASTERDAY v EASTERDAY et

Ohio Appeals, 2nd Dist, Clark Co

No 368.   Decided Dec 26, 1936

Olinger & Olinger, Springfield, for appellant.

R. Stanley Lucas, Springfield, for appellees.

### OPINION

#### By THE COURT

The plaintiff instituted her action in Common Pleas Court to partition a certain running joint stock account, No. 60774, held in the name of the plaintiff and defendant, Orville R. Easterday, in The Merchants & Mechanics Federal Savings & Loan Association of Springfield, Ohio. To this petition the defendant filed a motion that the petition be dismissed "by reason of the fact that the subject matter set forth in plaintiff's petition has been formally, thoroughly and completely adjudicated and decided by the courts." This motion came on for hearing, was sustained and plaintiff's petition was dismissed with prejudice. From this judgment the appeal on questions of law is prosecuted to this court.

The cause of the appellant in this court is grounded upon the claim that the defense of res adjudicata to the petition could not be asserted by motion but must have been raised by answer.   The judgment which the trial court determined constituted a bar to the action asserted in the petition was entered in a divorce case between the parties in the same court wherein the stock account, the subject of the action for partition, had been awarded to the husband, Orville R. Easterday, as and for his separate property. To sustain the judgment of the trial court upon the motion it was necessary for the court, in the action for partition, to take judicial notice of the judgment rendered in another and separate action, namely, the divorce suit in the same court.

This judgment, of which the court took judicial knowledge, was recently entered upon the records of the Common Pleas Court and of course was within the personal knowledge of the judge.   However, there seems to be no exception in Ohio or elsewhere to the rule that a court cannot in one action take judicial notice of a judgment entered in another action in the same court and upon this notice apply the doctrine of res adjudicata.

It is said in **Lockwood v Wildman, Mills, et, 13 Ohio 430:**

"A prior decree, to be available as a bar, must be plead or relied upon and set forth in answer, * * *."

This case is followed in **Fanning v Insurance Co., 37 Oh St 344; Meiss v Gill, 44 Oh St 259; In Re Youtsey, Bkpt., 15 O.L.R. 139.**

In 23 C. J. page 113, the general rule is stated:

"Courts including those of Probate, cannot in one case take judicial notice of their own records in another and different case."

The judgment will be reversed and cause remanded for further proceedings according to law.

BARNES and HORNBECK, JJ, concur.
CRAIG, PJ, not participating.