## WEINREICH v FRANKLIN SAVINGS AND LOAN ASSOCIATION, DAYTON, OHIO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1481. Decided January 24, 1938

Froug & Froug, Dayton, for plaintiff-appellant.

Morris P. Cromer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant-appellee.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

In the trial court defendant interposed a demurrer to plaintiff's petition on the ground that the same did not state a cause of action, which demurrer was sustained. The plaintiff, not desiring to plead further, judgment was rendered for the defendant, plaintiff's petition dismissed and judgment entered for costs. The sole and only question for our consideration is that of the sufficiency of the petition.

The allegations of the petition, omitting the formal parts, are in substance as follows:

In the first paragraph it is alleged that the defendant is a corporation duly organized and existing, with its place of business at Dayton, Ohio, and is a building and loan association authorized by law to receive deposits of money.

The second paragraph alleges that on or about September 29, 1933, the then Superintendent of Building and Loan Associations of the State of Ohio, ordered the liquidation of the defendant association, in accordance with §687-21 GC; that following such order the Board of Directors of the association ordered all persons having claims against the association to file proof of claim for allowance.

In the third paragraph it is further stated that plaintiff was a depositor and creditor of the association, and that on or about October 3, 1934, in compliance with the above order, plaintiff filed a proof of claim in the sum of $502.67, which claim the association, with the approval of the Superintendent, approved and there was issued to plaintiff a certificate of claim, copy of which is attached to th. petition; marked Exhibit A.

The fourth paragraph of the petition states that during the period of liquidation the Board of Directors of the association, with the approval of the Superintendent and the Common Pleas Court, declared and paid a total dividend of 35% of the face amount of the certificate of claim in the sum of $175.93, leaving a balance due and owing to plaintiff of $326.74, together with interest, which amount plaintiff claims is due and payable.

We set forth the fifth paragraph of the petition in full:

"Plaintiff further says that on or about December 23, 1936, Wm H. Kroeger, the duly appointed, qualified and acting Superintendent of Building and Loan Associations of the State of Ohio, unlawfully turned back the control and ownership of all the assets of the defendant association to its Board of Directors, without making any provision for the payment of claims of creditors, both as to principal and interest, which turn back this plaintiff believes is prejudicial to the rights of all of the creditors."

We also set forth in full the sixth paragraph of the petition:

"Plaintiff further says that this Court should take jurisdiction over the assets of the defendant association for the purpose of protecting the rights of all of the creditors of defendant association; and that a Master Commissioner be appointed to take evidence to determine the true condition of the defendant association and to determine the right of this plaintiff and all other creditors to receive payment of their claims, together with lawful interest at the rate of 6%."

In the seventh paragraph it is further stated that plaintiff made due demand of the defendant association for payment of the amount due him, together with interest, but that the association, through its officers, and agents refused to make payment and will continue to refuse to pay

any claim of creditors for the principal amount due and interest, although plaintiff believes that defendant association has sufficient assets with which to pay all creditors.

The eighth paragraph is an allegation in substance that the action is brought as a class suit and is for the purpose of preventing a multiciplicity of suits.

The ninth paragrph of the petition is set forth in full:

"Plaintiff further says that the Board of Directors of defendant association are in possession of the assets and property of defendant association and are exercising ownership and control over all of the assets and that the Board of Directors of defendant association will operate and manage the property of defendant association without regard to the prior rights of this plaintiff as creditor and all other creditors, and to their (creditors) detriment and prejudice; that the defendant association is unable to meet its matured obligations, that a number of suits may be filed and judgments obtained and executions issue, all to the detriment of all the creditors. That the defendant association will retire certain stock obligations in exchange for assets of the association and retire and exhange assets, which will cause a preference, all to the detriment and prejudice of all of the creditors, and to prevent such actions on the part of the Board of Directors, and to protect the interest of all of the creditors, this court should make such orders and should control all matters relating to the sale, exchange or disposal of any assets, as would best protect the interest of all creditors, until such time as the claims of creditors, as found due by this Court, are fully paid and satisfied."

The tenth paragraph contains the prayer of the petition and asks the following relief: Judgment in the sum of $326.74, together with interest at the rate of 6% from September 29, 1933, to date, less a credit of interest on payments of dividend amounting to 35%; a finding and judgment as to the amounts due to all other creditors both as to principal and interest; the appointment of a Master Commissioner to hear and determine the correct and true condition of defendant association and to determine the rights of this plaintiff and all other creditors to a finding and judgment against the defendant association both as to principal and interest; for an order of the court taking jurisdiction over the assets of said association and to make such orders and findings relating to the sale, exchange and disposition of assets of defendant association as will best protect the interests of all the creditors and to prevent the dissipation of the assets to the detriment of the creditors, and conserve the assets for the benefit of all creditors, and for all other relief, both in law and equity, to which plantiff and others similarly situated are entitled in the premises, and for costs.

The determination of the sufficiency of the petition requires an examination of the Eikenbary law and other cogent setions as contained in §§687 to 687-23 GC, inclusive, together with the decisions of our courts in construing various sections of the act.

The Supreme Court of Ohio, in 1931, rendered a decision in the case of State, ex Bettman, Attorney General v Court of Common Pleas of Franklin County, et, 124 Oh St 269. This was an original action in the Supreme Court, seeking a writ of prohibition restraining the Court of Common Pleas from appointing a receiver for the Columbian Building and Loan Association in an action then pending in that court wherein a depositor-creditor was plaintiff and the Columbian defendant. The action was brought as a class suit on behalf of the plaintiff and all persons similarly situated. The action sought an accounting and the appointment of a receiver. The substantive part of plaintiff's petition in the Common Pleas Court was set out rather fully in the action brought in the Supreme Court. Thereafter the relator alleged that the Superintendent of Building and Loan Associations of Ohio, through his duly appointed and qualified examiners, was fully investigating the affairs of the Columbian for the purpose of ascertaining its true condition and determining the course to be pursued. The respondent filed an answer, in which it was averred that the Superintendent of Building and Loan Associations had been made a party in the action in the Court of Common Pleas at his own instance, and then followed with other averments going to the question of jurisdiction and authority of the Court of Common Pleas. The Supreme Court allowed the writ, as prayed for. The second syllabus reads as follows:

"The method prescribed by the legislature for the regulation, supervision and control of the affairs of building and loan associations and the method of procedure prescribed for their dissolution and liquidation conserve and secure an equitable

distribution of the asset of such company to those entitled thereto; it is specific, adequate, complete and exclusive; and action of a court of common pleas in contravention thereof will be restrained by a writ of prohibition."

Reference is also made to the case of Slocum v The Mutual Building and Investment Company et, 130 Oh St 312. The first syllabus reads as follows:

"By the enactment of §§687 to 687-24 GC, the state has exercised its power to preempt the field in providing a specific, adequate, exclusive and constitutional method of procedure for the dissolution of building and loan associations and the liquidation of their assets. (Paragraph two of the syllabus in the case of State ex, Bettman, Atty, Genl. v Court of Common Pleas, 124 Oh St 269, 178 N. E. 258, and the last paragraph of the per curiam opinion in the case of State ex Powers, Supervisor v Captial Endowment Co, 129 Oh St 654, 196 N. E. 643, approved and followed)."

The language of the Supreme Court in the cases above cited is very positive and direct in their determination that the legislature, through its enactments, has preempted the field as to the method of procedure in liquidation of building and loan associations. No question is raised as to the constitutionality of the act.

We also quote §687-19 GC:

"Sec 687-19 GC. Court shall not appoint receiver. No receiver shall be appointed by any court, nor shall any deed of assignment for the benefit of creditors be filed in any court for or by any domestic building and loan association."

Counsel for plaintiff cite the case of State of Ohio ex Squire, Superintendent of Banks v The National City Bank of Cleveland, decided April 23, 1936, and reported in Ohio Opinions, page 396. This decision is by the Court of Appeals of the First District, sitting in the Eighth District by assignment. The opinion is by Matthews, Judge and bears evidence of careful consideration and thought. We are unable to conclude that it may be given application under the allegations of the petition in the instant case.

There should no longer be any question that acts of administrative officers may al-

ways be questioned in courts for fraud or gross abuse of discretion. Furthermore, the right is not given to such an administrator to determine as a finality the construction of statutes or the general law as bearing on his administrative duties. These are questions always for the determination of the court.

From the allegations of the petition it appears that the Superintendent of Building and Loan Associations did not take over the defendant company for liquidation, but, on the other hand, ordered the liquidation of the association in accordance with §687-21 GC. This action was taken September 29, 1933. It may be assumed, since there is no allegation to the contrary, that the association regularly proceeded to liquidate under the supervision of the Superintendent and progressed to the point that a dividend of 35% was paid on all allowed claims. Complaint is made as to the action of the Superintendent on December 23, 1936, in turning back the control and ownership of the association to its Board of Directors, without making any provision for the payment of claims of creditors. The petition alleges that this act of the Superintendent was unlawful. In all probability this allegation is an incorrect statement for the reason that it is alleged in the second paragraph of the petition that the Superintendent, acting in accordance with §687-21 GC, ordered liquidation instead of taking under his own control as provided by §687, GC. We assume that what plaintiff is intending to allege is that the Superintendent, acting under the provisions of §687-23, GC, promulgated an order for resumption of business, either generally or on a restricted basis. The query at once arises as to why the action of the Superintendent was unlawful. The power and authority is given to the Superintendent, under said §687-23 GC, to promulgate an order for resumption of business by and with the approval of the Court of Common Pleas. In the absence of any allegation to the contrary, the presumption arises that the Supedintendent in promulgating his order followed the provisions of the Code and acted lawfully. The only inference that may arise from the petition that the act was unlawful will be the following: "without making any provision for the payment of claims of creditors both as to principal and interest." So far as appears from the allegations of the petition, we are not advised as to whether the order of the Superintendent was general or restricted. As §687-23 GC, relates to the order of the Superin-

tendent, there are no mandatory provisions as to what the order shall be. The act does refer to what may be included in the restrictions and conditions. We quote from the second paragraph of the section:

"Such building and loan association may resume business upon a restricted basis, and upon such limita ions and conditions as may be prescribed by the superintendent, when approved by the court of common pleas in and for the county in which such building and loan association is located, upon application by the superintendent. Such restrictions and conditions may include, among others, a prohibition against taking deposits, or the selling of shares, reasonable restrictions upon the withdrawal of deposits, and the payment of other liabilities."

In the following paragraph it is provided that through such action of the Superintendent his right to resume control under provisions of §§687 to 687-23 GC, inclusive, would not be abridged.

In the brief of counsel for defendant there is appended wnat purports to be the entire order of the Superintendent, together with the entry of the trial court approving same. The entry discloses that the order to resume business was upon a restricted basis. However, we are not privileged to consider either the application or the entry, since they are not presented through the petition. It may be the view of counsel that the trial court and this court will take judicial notice of the proceedings in the Court of Common Pleas in another case. This we may not do. **O Jur. Vol 17** (Evidence), §43. We are obligated, however, to assume that the action of the Superintendent was lawful and regular, unless it affirmatively appears from the petition that he violated some positive mandate of the law. The allegation that the act was unlawful, standing alone, is a mere conclusion, and considering the petition as a whole we are unable to find any direct allegation of unlawful action. The petition does not contain allegations from which it might be construed as a claim of abuse of discretion. We are constrained to the view that the trial court correctly sustained the demurrer to the petition.

The judgment of the lower court will be affirmed and plaintiff's petition dismissed.

Costs will be adjudged against the plaintiff.

HORNBECK and GEIGER, JJ, concur.