**SCARAVILLI d. b. a. FLEET'S INN, Plaintiffs-Appellants, v. BOARD OF LIQUOR CONTROL, Defendant-Appellee.**

No. 4443. Decided October 9, 1950.

S. Donald Friedman, Webber & Webber, Yale A. Barkan, Cleveland, S. Donald Friedman, William B. Webber, of Counsel, for appellants.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for appellee.

### ON APPEAL AFFIRMING THE ACTION

### OPINION

By THE COURT.

This is an appeal from a judgment of the Court of Common Pleas affirming the action of the Board of Liquor Control in affirming the action of the Director of the Department of Liquor Control in refusing to issue a D-5 liquor permit to the appellants.

Ten errors are assigned. The principal error urged is that the action of the Director in refusing to issue the permit upon the application of appellants was illegal, unfair and discriminatory. The action of the Director in refusing the liquor permit was based upon five grounds:

(1) Sales to minors.

(2) Employment of minors.

(3) Failure to serve meals.

(4) Failure to comply with sanitary regulations; and

(5) Failure to exercise reasonable care to discourage the activity or presence of prostitutes in or about the premises which appellants were conducting under a D-5 liquor permit theretofore issued to them.

The record affords support for all reasons assigned by the Director for his action although the appellants did take steps to correct their derelictions as to the employment of a minor by discharging her and by eventually conforming to sanitary regulations.

As we interpret the claim of the appellants it is that the Director had no authority to refuse the application of appellants for the issuance of a license. It must be conceded that the action of the Director preclude any modification or lessening of severity which would have been possible had the order merely related to the revocation of an existing permit.

Without laboring the question, we are satisfied that the Director by virtue of §6064-7 and §6064-8 GC is given the power to issue or refuse permits in the first instance. Sec. 6064-8 (2) GC provides that the Department shall have the power to grant or refuse permits for the sale of beer and intoxicating liquor as authorized or required by the act. Sec. 6064-7 GC provides that subject only to the powers and duties of the Board as set forth in §6064-3 GC, all the powers and duties by the liquor control act vested in or imposed upon the Department shall be exercised and performed by the Director, who shall administer the affairs of the Department, excepting as otherwise specified in this act. The powers and duties set out in §6064-3 GC do not vest the authority in the Board to issue permits. It follows that this duty not having been specifically delegated to the Board is vested in the Director by §6064-7 GC.

The contention that a permit should first have been issued to appellants so that upon revocation they might have the benefit of a possible modification or lessening of the penalty might be urged as to any and all applicants for permits. Such a position in our judgment is not tenable. These appellants stand in no better situation respecting the right to have a permit issued to them than would any other person upon an original application.

Any conduct upon the part of an applicant for a permit which discloses that, in probability, such applicant would, if licensed, conduct his place so as not to conduce to the health, morals or general welfare of the public is sufficient basis for the refusal of a permit. The Liquor Control Act in our opinion intends to empower the Department to make this determination as to the applicants either for a permit originally or upon renewal. As a matter of fact the Department has a better opportunity to judge the fitness of a permitee to have his license renewed than it would have respecting one who is applying for a permit for the first time.

It is not necessary to stress the fact that the charges against the appellants which the Director found to be supported by the evidence are of such serious nature as to justify the refusal of the permit.

We are satisfied that in the particulars we have discussed and in all others urged upon this appeal the appellants have not been denied any protection to which they are entitled under the law.

We find no error assigned well made.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.