## WALLACE, Appellee, v. BOARD OF LIQUOR CONTROL, Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4693. Decided March 11, 1952.

Simon L. Leis, Cincinnati, for appellee.

Hon. C. William O'Neill, Atty. Genl., Brown W. Pettit, Asst. Atty. Genl., Columbus, for appellant.

478

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court reversing an order of appellant, Board of Liquor Control, affirming the action of the Department of Liquor Control rejecting the appellee's application for a renewal of his D-5 liquor permit. The Common Pleas Judge who heard the appeal, in his written opinion said:

"There has been an abuse of discretion in refusing to renew appellee's permit."

Upon the appeal from the order of the Department of Liquor Control refusing to issue a permit to appellee for the year 1951, the Board found that,

"On September 1, 1950, * * *, the permitholder operated his permit premises in an insanitary manner, in that the toilet was filthy, the floor was covered with dirty water, there was no seat on the lavatory; and the tavern floor was covered with dirty papers from the front to the rear of the building, there was no paper, soap or towels in the lavatory; and that on the same date the permitholder failed to maintain decency, sobriety, and good order, in that the permitholder did allow the presence of an intoxicated person, one sleeping in a booth, and another one on the floor; and that there were three fights, resulting in one patron being taken to the hospital, * * *."

The evidence offered on the appeal to the Board supported its findings in all material matters. The evidence further developed the fact that prior to September, 1950, in April, 1950, another inspection of the permit premises had been made as a result of which the permittee was ordered to clean up the premises. The findings of the Board were based upon the testimony of one of its inspectors as a result of which inspection charges were filed against the permittee which, by the time they came on to be heard, had become moot because the permit of permittee had expired.

After the September, 1950, visit of the inspector and prior to the hearing on the refusal to grant the permit, permittee had made rather extended changes in sanitary accommoda-

tions in his place of business, had expended about $2200.00 therefor and the result of these changes was to improve the sanitary conditions. It was largely because of this change in physical situation in the permit premises that the Common Pleas Court held that the Department and the Board had abused their discretion in denying appellee a permit. It will be noted that the only finding as to inadequacy of sanitary equipment is that "there was no seat on the lavatory."

If the only basis for the denial of the permit was the absence of certain required sanitary accommodations found upon the inspection of September, 1950, which had been corrected at the time of the hearing on appeal to the Board, there would be some support for the reversal. However, as we view the evidence which we have carefully considered, the order of the Department affirmed by the Board was predicated not upon bad sanitary equipment but upon failure to observe ordinary sanitary precautions which would be appropriate without respect to the type of equipment. However, charges other than those relating to sanitary conditions were sufficient to support the order denying the permit. The evidence showed that while the permit place was in operation an elderly woman was permitted to lie and sleep on the floor in an intoxicated condition. A second person was asleep in a booth. A waitress stood behind the bar and drank whiskey from a bottle in violation of the rules of the Board. One or more altercations took place while the inspector was in the permit premises. One altercation resulted in the calling of a police ambulance which removed a participant who had been cut in an affray.

As a defense to these charges the proprietor urged that he did not know what was going on and stated that he had dismissed the employees who permitted the conditions to obtain. Manifestly, the permittee cannot evade responsibility for misconduct and failure to observe rules of the Board and the demands of decency and propriety in the operation of a night club where liquor is sold.

The record is not developed as to the specific findings of the investigators at the prior visit to the tavern but enough is developed to permit the conclusion that the bad conditions which were found in September, 1950, were typical of prior conditions. It is not probable that the disreputable conditions which occurred in the few hours that the inspector was in the place of business of appellee were unusual. Rather, it would be expected that the employees would be more

circumspect and better behaved when an inspector was on the premises.

As we view this record, the basis of the reversal of the Board by the Common Pleas Court was erroneous for at least two reasons. First, it did not give sufficient consideration to insanitary conditions permitted to obtain other than those having to do with physical equipment. Second, it gave insufficient attention to the other serious charges which the Board properly found to have been sustained by the evidence.

The reversal required the Common Pleas Court to substitute its judgment for that of the Liquor Board. This it cannot do. **Farrand v. State Medical Board, 151 Oh St 222.**

In the administration of the Liquor Control Act the Board of Liquor Control must be given wide discretion in determining facts and in resolving those facts for or against an applicant for a permit.

A permit may be revoked by authority of §6064-25 **GC** for "Sufficient cause" and the Board of Liquor Control had the power under §6064-3(c) **GC,**

"to make rules and regulations and orders providing in detail for the conduct of any retail business authorized under permits issued pursuant to this act, with a view to insuring compliance with the provisions of this act, and other laws relative thereto, and the maintenance of public decency, sobriety, and good order in any place licensed under such permits."

In one respect the Board had an advantage in passing upon the application of appellee for his permit that would not have been available had he not formerly held a permit. It had the opportunity to determine how he conducted a licensed place of business.

We find no sufficient support for the conclusion that the Board of Liquor Control or the Department, in the order under review in the Common Pleas Court, abused their discretion, even though the Common Pleas Court may have felt that denial of the permit was too severe under the facts developed.

The judgment will be reversed and the cause remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.