**FAWCETT, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 186339.   Decided April 7, 1953.

Trivison & Drain, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Ralph Mahaffey, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

### BOARD OF LIQUOR CONTROL ORDER (REJECTING APPLICATION FOR D-1 AND D-2 PERMITS), AFFIRMED

This is an appeal under §154-73 GC, seeking reversal of the order of the Board of Liquor Control, affirming the action of the Director of Liquor Control finding it inadvisable to issue D-1 and D-2 permits to appellant, for permit premises within a distance of 500 feet from the boundaries of the parcels of real estate having situated thereon a school and a church. The proper notice was served under §6064-16 GC, and the authorities in control of said school and church appeared, before the said Board, and objected to the issuance of said permits, as will appear more fully in the record.

The appellant claimed said permit premises were not within 500 feet **walking** to or from said church and school, but admitted the properties of the church and school are within 500 feet on a straight line from the permit premises. The section of the Code in question, §6064-16 GC, supra, does not warrant the construction offered by the appellant. (See affidavit in support of notice of appeal); and the Court holds said church and school are within the 500 feet mentioned in said section of the Code.

The granting of permits is a matter for the judgment and control of the department of liquor control; and a permit is issued as a mere privilege and not as a matter of right, Per Curiam opinion of the Supreme Court, **Board v. Tsantles, 156 Oh St 512, 514 and 515.**

The Court may not substitute its judgment for that of the agency. **Farrand v. State Medical Board, etc., 151 Oh St 222.** In the foregoing case Turner, J., on page 224 observed:

"The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards and commissions composed of men equipped with the necessary knowledge and experience pertaining to a particular field."

\* \* \* \*

"The requirements of §6064-16 GC, that where the business of an applicant for a liquor permit is to be operated within

500 feet of a school, church, library or public playground, written notice of the application must be given the authorities in control of such organization, and that a full and complete hearing before the Director of Liquor Control must be afforded, **were enacted solely for the benefit of such organization,** * * *." (Emphasis ours.) **Meyer v. Dunifon, Director, etc., 88 Oh Ap 246.**

Miller, P. J., delivering the opinion in the foregoing case on page 247 says:

"Since the Board of Liquor Control was the trier of the facts, it possessed wide discretionary powers * * *. It must be conceded that the objection by the church authorities to the issuing of these permits * * * constituted a valid objection under §6064-16 GC."

"The courts must exercise care not to place themselves in the position of usurping the 'regulation and control of the liquor traffic'; and should carefully avoid hampering the agencies duly authorized by constitutional enactment to provide such regulation and control; otherwise the courts may find themselves responsible for the de-control of such liquor traffic." Olteanul Cultural and Athletic Club v. Board of Liquor Control, No. 186,609, on the dockets of this Court.

"The requirement of notice to the authorities in control of such organizations (Sec. 6064-16 GC), was never intended as an invitation to do a vain thing, merely to object without hope of preventing that which they believed affected the very life of the church * * *." Olteanul Cultural and Athletic Club v. Board, etc., supra.

The hearing before the Director of Liquor Control (Sec. **6064-16 CG**) is limited to the "advisability" of the issuance of the permits, and certainly reasonable minds can agree in the instant case that the Director had ample evidence to warrant a finding that the issuance of the two permits in question, was not advisable.

This Court is not required to determine the issue as to "advisability" of issuing such permits; but only to find whether the order of the Board, in the exercise of its discretion, upon consideration of the entire record, "is supported by reliable, probative and substantial evidence and is in accordance with law." (Sec. 154-73 GC.)

This Court so finds and, therefore, affirms the order of the Board and dismisses the appeal. The application for the issuance of the permits is refused.

Entry accordingly with exceptions by counsel for appellant.