**EAST TOLEDO SOCIAL CLUB, Appellee, v. BOARD OF LIQUOR CONTROL, Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5194. Decided February 15, 1955.

Harry Mee, Toledo, for appellee.

Hon. C. William O'Neill, Attorney General, Kiehner Johnson, Assistant Attorney General, Columbus, for appellant.

## OPINION

By MILLER, PJ.

This cause comes into this Court on appeal on questions of law by the Board of Liquor Control from a judgment of the Common Pleas Court. It involves an administrative appeal from an order of the Board of Liquor Control which affirms the rejection by the Department of Liquor Control of an application for the renewal of a Class D-4 permit. The judgment appealed from reversed this order and ordered the permit issued.

The record reveals that the applicant had a D-4 permit for premises located at 4310 Monroe Street, Toledo, Ohio, which expired on August 13, 1953; that on July 14, 1953, an application for a renewal was filed for the same premises; that on July 28, 1953, the applicant was evicted

from the premises, located at 4310 Monroe Street and a new location was not obtained until November 6, 1953, when a lease was secured for the premises at 3419 Collingwood Avenue. Based upon these facts the Department rejected the application on September 10, 1953. An appeal was prosecuted to the Board of Liquor Control; the same came on for hearing on January 13, 1954, and on January 27, 1954, the order of the Department was affirmed as follows:

"This cause coming on for hearing on an appeal of East Toledo Social Club, 4310 Monroe Street, Toledo, Ohio, from an order of the Director of Liquor Control rejecting an application for a Class D-4 permit, was submitted to the Board of Liquor Control on the evidence, and on consideration thereof said Board finds that the appellant does not have a location for the permit in question, as provided by §4303.27 R. C., and therefore said application for renewal of a Class D-4 permit should be rejected.

"It is therefore ordered that the within appeal be, and the same hereby is, dismissed."

From this record it appears that when the Department rejected the application, the applicant did not have a suitable location, for it did not acquire the new location until November 6th.

In the case of **State, ex rel. Socotch, v. Bryant, 158 Oh St 249,** our Supreme Court held that a purported permit which contains only the name of the person to whom it was purportedly issued, together with the name of the city and county but with no designation of the place for which it was issued, was invalid. Therefore, under the facts presented the Department was unable on September 10, 1953, to issue a valid permit and the application was therefore properly rejected. Counsel for the appellee urges that at the time of the hearing on appeal before the Board of Liquor Control, on January 13, 1954, the applicant did have a location. This fact, however, cannot aid the applicant for at the hearing before the Board the sole question was as to the propriety of the Director's order and not whether the appellee then had a location. The Board had before it only the question whether the Director as a matter of fact and law properly refused the issuance of the renewal permit. The question as to the suitability of the new location was never presented to the Director. The authority to grant or refuse the issuance of permits for the sale of intoxicating liquor and beer is vested in the Department of Liquor Control by §4301.10 R. C. This administrative authority is exercised solely by the Director of Liquor Control under §4301.09 R. C.

In **Scaravilli v. Board of Liquor Control, 61 Abs 515,** this Court said:

"Without laboring the question, we are satisfied that the Director by virtue of §6064-7 and 6064-8 GC, is given the power to issue or refuse permits in the first instance."

See, also, **State, ex rel. Jones v. Bryant, 159 Oh St 59.**

The judgment will be reversed and the order of the Board of Liquor Control will be ordered affirmed.

HORNBECK and WISEMAN, JJ, concur.