AMERICAN LEGION CLIFTON POST NO 421, Appellee, v. BOARD OF LIQUOR CONTROL, Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5165.   Decided February 15, 1955.

Bernard J. McCluskey, Cleveland, for appellee.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court reversing an order of the Board of Liquor Control which affirmed the Department in rejecting the application of Post No. 421, American Legion, for a D-4 liquor permit. The order of the Board of Liquor Control, which is the subject of this appeal, provides:

"This cause coming on for hearing on an appeal of the American Legion, Clifton Post No. 421, W. 220th Street & Brookpark Road, Parkview 26, Ohio, from an order of the Director of Liquor Control rejecting an application for a Class D-4 permit, was submitted to the Board of Liquor Control on the evidence, and on consideration thereof said Board finds that the appellant at on or about November 28, 1953, did openly and notoriously engage in the sale of beer and intoxicating liquor without being the holder of a permit issued by the Department of Liquor Control authorizing such sale, and further that on the 19th day of December, 1953, certain agents and employees of the appellant, to wit, Stanley Johnson and Howard L. Miller, were convicted in the Police Court of East Cleveland, Ohio, for violating §4301.58 R. C., and further that on the 19th day of December, 1953, one Don Bement, an agent or employee of the appellant, was convicted in the Police Court of East Cleveland, Ohio, for violation of §4399.09 R. C., and therefore said application for a Class D-4 permit should be rejected.

"It is therefore ordered that the within appeal be, and the same hereby is, dismissed."

The question presented is whether the above quoted order is supported by evidence that is reliable, probative and substantial and in accordance with law, after giving consideration to the entire record.

If so, the order should have been affirmed by the Common Pleas Court. **Sec. 154-73 GC.** An examination of the record discloses that all of the statutory requirements were met in order to entitle the applicant to a permit providing the Board found that the club was a suitable one to conduct such a business.

We have carefully examined the testimony offered before the Board and find that the record adequately supports its factual finding,

"that the appellant at on or about November 28, 1953, did openly and notoriously engage in the sale of beer and intoxicating liquor without being the holder of a permit issued by the Department of Liquor Control authorizing such sale, and further that on the 19th day of December, 1953, certain agents and employees of the appellant, to wit, Stanley Johnson and Howard L. Miller, were convicted in the Police Court of East Cleveland, Ohio, for violating §4301.58 R. C., and further that on the 19th day of December, 1953, one Don Bement, an agent or employee of the appellant, was convicted in the Police Court of East Cleveland, Ohio, for violation of §4399.09 R. C., * * *."

The question therefore presented is whether or not, based on these facts the Board properly exercised its discretion in rejecting the application.

In the case of **Scaravilli, etc., v. Board of Liquor Control, 61 Abs 515,** this Court stated at page 516:

"Any conduct upon the part of an applicant for a permit which discloses that, in probability, such applicant would, if licensed, conduct his place so as not to conduce to the health, morals or general welfare of the public is sufficient basis for the refusal of a permit. The Liquor Control Act in our opinion intends to empower the Department to make this determination as to the applicants either for a permit originally or upon renewal."

Again, in the case of **Board of Liquor Control v. Tancer, 62 Abs 360,** this Court said:

"Because of the potentialities for harm there can be no doubt of the power of the General Assembly to regulate or prohibit the sale of intoxicating liquors. There is no debatable constitutional question involved in this proceeding. The broad power vested by the General Assembly in the Board of Liquor Control to grant or refuse permits to sell intoxicating liquors authorizes that Board to receive and act upon any facts tending to establish and protect the welfare of the inhabitants of the State, unless the Board is prohibited by law from the consideration thereof. * * *"

In considering the authority of the Board of Liquor Control to determine whether a permit should issue, the Court said in **Wallace v. Board of Liquor Control, 64 Abs 477:**

"In the administration of the Liquor Control Act the Board of Liquor Control must be given wide discretion in determining facts and in resolving those facts for or against an applicant for a permit."

Counsel for the Board urges that the acts of misconduct of the applicant as found by it indicate such a disregard for the Liquor Control Act that it would, if licensed, continue the same practice of violation or some other violation of the Liquor Control Act, so as not to be

conducive to the health, morals or general welfare of the public. We think the Board could well have arrived at such a conclusion, which is sufficient ground to support its ruling

The trial court based its finding on the premise that the applicant was a reputable organization, citing many instances where it had donated its funds and extended the facilities of its club premises for the general welfare of the public, but a reviewing court cannot weigh the facts but can only consider the entire record in order to determine whether or not the order is supported by reliable, probative and substantial evidence. A reviewing court is empowered under the provisions of §154-73 GC to review the action of the Board, but not to substitute its judgment for that of the Board. **Meyer v. Dunifon, Dir., 88 Oh Ap 246.** All presumptions favorable to the Board's ruling must be indulged by the reviewing court and in so doing we arrive at the conclusion that the order of the Board was in accordance with law.

The judgment will be reversed and cause remanded.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.