**111 BAR, INC., Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Common Pleas Court, Franklin County.

No. 191785.   Decided November 9, 1955.

Trabert & Gay, Cincinnati, for appellant.
C. William O'Neill, Atty. Genl., for appellees.

**OPINION**

By MARSHALL, J.

This case is an appeal from an order of the Board of Liquor Control suspending the permits of appellant for two periods of 30 days each but the penalties to run concurrently.

The charges were (1) that the appellant, and/or its agent, did knowingly and willfully allow on the permit premises improper and indecedent conduct, in aiding and abetting prostitutes soliciting upon the permit premises, and (2) that appellant and/or its agent, was convicted in the Municipal Court of Cincinnati for aiding and abetting prostitution upon the permit premises.

The testimony upon which the first order is predicated consists of the testimony of one Andrew Snyder, and officers of the Cincinnati Police Department. Mr. Snyder went to the permit premises, had some drinks, then talked with a waitress about getting a "decent woman" and "spending the evening." Later the waitress asked Mr. Snyder to come up front to meet two girls, and the waitress made the introductions. Mr. Snyder sat with the girls and ordered beers for them. Later he asked the waitress to call a cab and all three left and went to a hotel where said Mr. Snyder and one of the girls went to bed together.

The record is quite clear that the girl who went to bed with Mr. Snyder was a prostitute. The waitress knew what Mr. Snyder wanted and aided in the solicitation for the purpose of prostitution. The permit holder had no actual knowledge of the incident described.

The law is well established that a permit holder is responsible for the acts of his employees which are in violation of the Liquor Control Act or Regulations of the Board of Liquor Control. See **Wallace v. Board of Liquor Control, 64 Abs 477.** Knowledge of solicitation on the part of the waitress, an employe of the permit holder, may be imputed to the permit holder. See **Wittenberg v. Board of Liquor Control, 52 Abs 65,** decided by the Court of Appeals of this county on April 21, 1948. The fact that the parties left the premises of the permit holder to complete their acts does not detract from the charge that the waitress aided and abetted the prostitute in soliciting on the premises of the permit holder.

The second violaion pertained to the conviction of the waitress for aiding and abetting prostitution upon the permit premises. This is supported by Exhibit "B," received in evidence by the Board, which is a certified copy of the records of the Municipal Court of Cincinnati which showed that said waitress was found guilty of §2905.127 R. C.

We believe that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence, and is in accordance with law, and its order of suspension for two periods of 30 days each, to run concurrently, is affirmed.