**111 BAR, INC., Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5424. Decided March 7, 1956.

408

John A. Wiethe, Marvin N. Kolstein, Cincinnati, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for defendants-appellees.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control which on appeal had affirmed an order of the Department of Liquor Control, suspending a Class D-5 permit of appellant for a period of 30 days on each of two charges against him, the suspensions to run concurrently. Charge No. 1 is that permittee and/or his agent or employee did knowingly and wilfully allow in and upon the permit premises immoral, improper and indecedent conduct in that he or his agent or employee aided and abetted prostitutes soliciting in and upon the permit premises; and, too, he or his agent or employee was convicted in the Municipal Court of Cincinnati for aiding and abetting prostitution in and upon the permit premises.

On the appeal to the Common Pleas Court, Judge Marshall in affirming the order of the Board handed down a written opinion which in conjunction with the record made before the Board we have carefully considered. We find that Judge Marshall gave attention to the errors assigned in this Court and in the affirmance in our judgment, reached the proper conclusion. We could add little, if anything, to this opinion by restating the reasons which support it.

Four errors are assigned: That the Court erred in admitting evidence which it is asserted was hearsay; that it erred in refusing to admit character evidence on behalf of permittee; that it erred in holding that the finding and order of the Board were supported by reliable, probative and substantial evidence, and in inflicting the penalty upon appellant for the act of his servant.

The evidence which it is claimed was hearsay may not be so classified because it consisted of statements made, either by the employee of

permittee against whom the charge is directed, or, by one of the women who is claimed to be a prostitute, in the presence of the employee. In this situation the testimony was not hearsay. Rose v. State, 13 O. C. C. 342; Hinz v. State, 15 O. C. N. S. 88.

The evidence which it is claimed the Board should have admitted related to the reputation of the permittee in the operation of his place of business. Ordinarily, this testimony would have been admissible. However, we cannot say that to refuse to admit it was prejudicial to the permittee. It was not claimed that he knew anything about the events upon which the charges were predicated or that he participated in them in any manner whatever. So that, the good reputation which he may have sustained could have been to no advantage one way or the other as related to the charges.

Upon the principal question the validity of the order of the Board, Judge Marshall reached the conclusion which was justified by the record.

We find no error assigned well made. The judgment will be affirmed.

MILLER, PJ, HORNBECK and FESS, JJ, concur.