KHOURY, d. b. a. CLUB CARNIVAL and d. b. a. ARTISTS AND ACTORS COCKTAIL BAR, Appellant, v. BOARD OF LIQUOR CONTROL, etc., Appellee.

Common Pleas Court, Franklin County.

No. 194,175.   Decided January 8, 1957.

Paul F. Ward, Charles T. Kaps, for appellant.
C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty Genl., for appellee.

## OPINION

By BARTLETT, J.

**THE BOARD OF LIQUOR CONTROL ORDER (REJECTING APPELLANT'S APPLICATION FOR RENEWAL OF HIS D-5 PERMITS), IS AFFIRMED AND THE APPEAL THEREFROM DISMISSED.**

This is an appeal under §119.13 R. C., seeking a reversal of an order of the Board of Liquor Control affirming the action of the Liquor Department in rejecting appellant's application for renewal of his D-5 permits in the City of Cleveland, particularly for the premises known as "Club Carnival" and "Artists and Actors Cocktail Bar."

In the exercise of its discretion, as vested in it by §4301.10, sub-Paragraph (A) (2) R. C., wherein general authority is conferred upon the Department of Liquor Control, to grant or refuse such permits, said

494 .

Department found that appellant was not a proper person to hold said Class D-5 permits in view of his past record of operation as a permit holder, both as an individual and as president and sole stockholder of Khoury's Hough Bar, Inc., as indicated by the numerous violations of the Liquor Control Act and the Regulations of the Board of Liquor Control; and, therefore, refused and rejected said appellant's application for the renewal of his said D-5 permits.

Upon appeal from the Department order rejecting his application for renewal of said D-5 permits, the Board of Liquor Control found upon the evidence submitted, that the appellant, during the permit year of 1955, through his agents and employees, on the permit premises in question did employ and permit certain female entertainers of his to approach and solicit his male patrons, to buy them intoxicating drinks, almost nightly; that the D-5 permits for said premises were suspended in December, 1954, for 45 days and 60 days again in June, 1955, for said solicitation of drinks by his female entertainers; that his D-5 permit for said premises was suspended in March, 1948, for 90 days on account of lewd and indecent entertainment on said permit premises; and further that the appellant, through his agent, did hire a female 17 years of age in June, 1955, to approach and solicit male patrons to purchase intoxicating drinks for her on his permit premises, Khoury's Hough Bar, Inc., 1807 E. 12th Street, Cleveland, which was padlocked for 1 year by the Common Pleas Court; that on said permit premises in question, in October, 1955, appellant, through his agent and employer, sold whiskey in a container to be taken off the premises; and the Board found from the evidence that permits of appellant for other premises were no less than six times suspended for various periods of time for violations of the Liquor Control Act and Regulations of said Board; and in view of the foregoing reasons, the Board of Liquor Control found that the appellant was not entitled to the renewal of his said D-5 permits.

Counsel for the appellant protest vigorously that the evidence showing the employment of the 17 year old female aforesaid was not competent, since she was employed by Khourys Hough Bar, Inc., and not by the appellant individually; but the appellant admitted under oath that at the time he was president and sole stockholder of said corporation.

The fiction of the corporate entity will be disregarded where it is attempted to be used as a shield for fraud or to evade the law, such as concealing illegal acts. **Auglaize Box Board Co. v. Hinton et, 100 Oh St 505; Central Trust Co. v. Burke, 1 N. P. 169; State, ex rel Watson v. Standard Oil Co., 49 Oh St 137; 21 O. Jur. (2d) pp 130-138.**

It is claimed by counsel for the appellant that the Department failed to introduce the Director's order rejecting the application for renewal of appellant's D-5 permits; and from that they urge that the Department has failed to sustain its burden of proof, and they further claim, as the result of such failure to offer the order of the Director, there was no way of determining what the reasons were for the rejection by the Director of the renewal of the permit in question.

On page 7 of the Record, counsel for the Department stated that the matter before the Board was

"an appeal from an order of the Department rejecting an application for the re-issuance of a Class D-5 permit to Norman Khoury, Club Carnival, at the address on the Rejection order, and **the grounds for rejection are as set forth in the rather lengthy Rejection order which the Board has in front of it, and I believe counsel for the Appellant also has.**"

On page 3 of the Record, counsel for the appellant stated:

"When **the notice of the rejection was given to my client**, my client was in California. The records of the Board will indicate that the appeal was mailed from the west coast." (Emphasis ours.)

The rejection order itself was filed with the Court, on November 24, 1956, with a certificate attached thereto by Catherine Merz, Clerk of the Board of Liquor Control, stating it "is a true and correct copy of the order of rejection which was erroneously omitted when the exhibits and transcript were submitted to the Court of Common Pleas of Franklin County on July 21, 1955."

The statement of counsel for the Department at the opening of the hearing that "the rather lengthy Rejection order which the Board has in front of it," was not challenged at the time by counsel for the appellant nor denied by any member of the Board; all of which convinces this Court that the Rejection Order was presented to the Board at the hearing.

Then, too, counsel for the Department added in his opening statement: "and I believe counsel for the appellant also has." (the Rejection Order.) This was not denied by counsel for appellant, but instead he admitted on page 3 of the Record that his client received "notice of the rejection" in California. The rejection order is in the nature of a letter to the appellant at the permit premises in Cleveland with the heading:

"November 10, 1955
O R D E R"

This is convincing that appellant's counsel had available at the Board hearing, his client's copy of the order of rejection.

At the oral hearing before this Court, counsel for appellant moved to strike the certified copy of the order of rejection from the files of the Court. That motion will be overruled and the Court sua sponte will order it made a part of the record of this proceeding. After all, the Rejection Order is a record of the Department which consists of the Board itself and the Director. **Sec. 4301.02 R. C.**

In any event, the Court is convinced that the Rejection Order was before the Board at its hearing, and the appellant was in no manner prejudiced by the informal manner in which it was presented to the Board.

Counsel for the appellant state that there is but one permit involved in the instant case, but the Rejection Order is headed, "In Re: Application No. G. 16052-53 for re-issuance of D-5 Permit and Duplicate." Apparently the Duplicate has also been given a number, all of which does not affect the merits of the instant proceeding.

It is argued by counsel for the appellant that since none of the

exhibits filed in the instant case was certified and sealed by the Director, they were not proper evidence under §4301.10 A-2 R. C. This code provision is not a mandate that all such records of the Department must be so signed and sealed by the Director, but only provides that such a certificate signed by the Director with the seal of the Department attached, "stating that it appears from the records of the Department that no permit has been issued to the person specified therein, or that a permit, if issued, has been revoked, cancelled, or suspended shall be received as prima-facie evidence of the facts therein recited in any court, or before any officer of this state." This provision only undertakes to make such certificates prima-facie evidence, but does not require all such records of the Department to be so certified to be competent evidence.

Sec. 4301.04-D R. C., authorizes the Board to adopt rules "regulating its procedure on appeal." Pursuant thereto the Board has promulgated Rule 65, Section IV of which provides:

"In all hearings before the Board and the determination thereon, the production of evidence shall be governed in general by the rules of evidence and burden of proof required by Ohio courts in civil cases."

At the hearing before the Board, Minnie G. Thornton was called as a witness for the Department. She testified she was Chief Clerk of the Permit Division, Clerical Section, Department of Liquor Control, and that she had under her immediate supervision and control records of the Department concerning applications and permits issued, some of which records she identified as exhibits which were later admitted in evidence.

Certain Journal Entries of the Board itself, involving suspensions, etc. of permits in the name of appellant, were admitted in evidence with certificates attached by Catherine Merz, Clerk of the Board, stating they were "true, correct and complete copy of journal entry filed in the above case—copies from our journal" etc.

Certainly these journal entries of the Board and records of the Department were admitted in accordance with the rules of evidence in Ohio courts.

After the repeal of Prohibition, the General Assembly of Ohio enacted the Liquor Control Act, creating the Department of Liquor Control, to strictly regulate and control the traffic in beer and other intoxicating beverages, and to effectuate that purpose, broad powers were conferred upon said Department. State v. Davis, 132 Oh St 308; State ex rel. v. Ferguson, 142 Oh St 179; State ex rel. v. Glander, 148 Oh St 188.

"Applications (for permits) may be filed and processed at any time, but the granting of them is a matter for the judgment and control of the department. * * * A permit is issued as a mere privilege and not as a matter of right, and its issuance is in the control of the department. (Emphasis ours.) Per Curiam Opinion of the Supreme Court, Board v. Tsantles, 156 Oh St 512, pp 514-515.

"2. Permits to carry on the liquor business which are issued under the provisions of the Liquor Control Act are mere licenses, revocable as therein provided, and create no contract or property right." State ex rel. Zugravu v. O'Brien et al, 130 Oh St 23.

"2. Any conduct upon the part of an applicant for a permit which discloses that, in probability, such applicant would, if licensed, conduct his place so as to not conduce to the health, morals or general welfare of the public is sufficient basis for the refusal of a permit." **Scaravilli v. Board of Liquor Control, 61 Abs 514.**

On page 516 of the foregoing case, the Court of Appeals of Franklin County, in a Per Curiam opinion, say:

"The Liquor Control Act in our opinion intends to empower the Department to make this determination as to the applicants either for a permit originally or upon renewal. As a matter of fact the Department has a better opportunity to judge the fitness of a permitee to have his license renewed than it would have respecting one who is applying for a permit for the first time."

In the case of **Meyer v. Dunifon, Director, etc., 88 Oh Ap 246,** Miller, PJ, of the Court of Appeals for Franklin County, says on page 247:

"Since the Board of Liquor Control was the trier of the facts, it possessed wide discretionary powers * * *."

"The court may not substitute its judgment for that of the agency but is confined to determining the rights of the parties in accordance with the statutes and other law applicable." **Farrand v. State Medical Board, etc., 151 Oh St 222.**

See also **Wallace v. Board of Liquor Control, 64 Abs 477.**

"The courts must exercise care not to place themselves in the position of usurping the 'regulation and control of the liquor traffic;' and should carefully avoid hampering the agency duly authorized by constitutional enactment to provide such regulation and control; otherwise the Courts may find themselves responsible for the decontrol of such liquor traffic." **Olteanul Cultural and Athletic Club v. Board of Liquor Control, etc.,** Case No. 186,609, Dockets of this Court.

"1. The Director of Liquor Control by virtue of §§6064-7 and 6064-8 GC (now §§4301.09 and 4301.10 R. C.) is given the power to issue or refuse permits in the first instance." **Scaravilli v. Board of Liquor Control, supra.**

Since the Department found "that the applicant is not a proper person to hold Class D-5 permits" etc., counsel for the appellant seem to labor under the impression that it was incumbent upon the Department to establish that Norman Khoury, the appellant, was a man of bad reputation morally and not a gentleman. The holding in the Scaravilli case, supra, is much broader;

"**Any conduct of the applicant** for a permit which discloses that, in probability, such applicant **would, if licensed, conduct his place so as to not conduce to the health, morals or general welfare of the public, is sufficient basis for the refusal of a permit.**" (Emphasis ours.)

The application in that case was also for the renewal of a permit.

It may be that Norman Khoury has too many other business ventures in other places, like California, which was mentioned by his counsel; and that during his enforced absences for long periods of time, he has been lax and not careful in seeing to it that his permit premises were in charge of reliable and competent managers. It is a known fact that

absentee landlords do not serve the best interests of American farm life. It requires no stretch of the imagination that absentee permit holders, engaged in many other activities in the field of high finance, are not competent to give adequate attention to the running of taverns and bars where intoxicating beverages are sold and consumed. Laxity of supervision in the conduct of such places may be just as harmful to the public interest as if the course of conduct complained of were wilfully committed.

"This court is not required to determine the issue as to 'advisability' of issuing such permits; but only to find whether the order of the Board, in the exercise of its discretion, upon consideration of the entire record, 'is supported by reliable, probative and substantial evidence and is in accordance with law.'" **Fawcett v. Board of Liquor Control, 67 Abs 53;** Olteanul Cultural and Athletic Club v. Board of Liquor Control, supra.

This Court so finds and, therefore, affirms the order of the Board and dismisses the appeal therefrom.

No. 195875. Decided January 8, 1957.

## OPINION

By BARTLETT, J.

REMANDED TO BOARD OF LIQUOR CONTROL FOR FURTHER CONSIDERATION.

The order of the Board has no relation to the order of the Department. It is argued the Board may take judicial notice of certain matters in its records, but that is not proof that this court should take judicial notice of. This appeal is from the order of the Department and nothing else. Such an appeal does not warrant the Board of Liquor Control to go roaming around on a frolic of their own. The shoemaker should stick to his last.

"1. The Director of Liquor Control by virtue of §§6064-7 and 6064-8 GC (now §§4301.09 and 4301.10 R. C.), is given the power to issue or refuse permits in the first instance." **Scaravilli v. Board of Liquor Control, 61 Abs 514,**

"at the hearing before the Board the sole question was as to the propriety of the Director's order. * * * The Board had before it only the question whether the Director as a matter of fact and law properly' refused the issuance of the renewal permit." **East Toledo Social Club v. Board of Liquor Control, 71 Abs 193.**

In the appeal from the Directors order, the Board is confined to the sole issue of the propriety of the Directors order; but, under §119.13 R. C., "in the hearing of the appeal (from the Board) the Court shall be confined to the record as certified to by the agency," but the order of the Board is not supported by any evidence certified by it to the Court. The Court, therefore, remands the proceeding to the Board for further consideration.