HARGER, d. b. a. SING SENSATION CLUB, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.

Common Pleas Court, Franklin County.

No. 195251.   Decided April 9, 1957.

Simmons, Simmons & Penn, Toledo, for appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By LEACH, J.

**HEARD ON APPEAL FROM ORDER OF BOARD OF LIQUOR CONTROL—AFFIRMED.**

This is an appeal from the order of the Board of Liquor Control of April 25, 1956, revoking appellant's Class D-1, and D-2 permits for premises located at 1401 Miami Street, Toledo, Ohio.

The permits were revoked upon the basis of a finding of guilty of a violation of Regulation 52 of the Board which prohibits a permit holder from knowingly or willfully allowing in, upon or about his licensed premises improper conduct of any kind, type, or character or any immoral activities.

It appears from the testimony of a police officer of the City of Toledo that on March 4, 1956 he entered the permit premises where he found

one Loretta Adams tending bar, and Mrs. Eular Harger, the wife of the permit holder, waiting table; that he was solicited by Loretta Adams who offered to obtain for him a girl for the purpose of engaging in an act of prostitution; that Miss Adams then went to the foot of a stairway and called one Lela Davenport who then came and sat beside the police officer at the bar where he bought her a drink; that Miss Adams told the officer at that time if he did not like this girl to let her know and she would get him someone else; that Miss Davenport then told the officer to go outside and she would let him in the outside stairway; that he did so and met Miss Davenport in a room above the permit premises where she stated her price after which she was arrested.

We believe it clear from the testimony that there was an act of solicitation which took place on the premises of the permit holder. The appellant asserts however that Miss Davenport was not his employee, she having come there about the last week in February, 1956 at which time his wife was ill and his wife let her stay to take care of the upstairs rooms at no payment. Appellant also asserts that Miss Adams was not an employee but an "independent contractor," on the basis that she was a singer and was not hired as a bartender and had only been there about three days when this incident happened.

It appears that the appellant is otherwise employed and while absent from the permit premises testified that such are in charge of his wife.

From a review of the entire record and an appraisal of all of the evidence in accordance with the directive of the Supreme Court in the case of **Andrews v. Board of Liquor Control, 164 Oh St 275,** we conclude that the order of the Board of Liquor Control clearly is supported by reliable, probative and substantial evidence and is in accordance with law. The law is well established that a permit holder is responsible for the acts of his employees which are in violation of the Liquor Control Act or regulations of the Board of Liquor Control. **Wallace v. Board of Liquor Control, 64 Abs 477.** It was held in the case of **111 Bar Inc., v. Board of Liquor Control,** No. 191,785 **(CP 75 Abs 247; OA 75 Abs 407; 165 Oh St 507),** that knowledge of solicitation on the part of a waitress, an employee of the permit holder, may be imputed to a waitress, an employee of the permit holder, may be imputed to the permit holder. This case was affirmed by the Court of Appeals in Case No. 5424, and on October 18, 1956, motion to certify was denied by the Supreme Court in Case No. 34866.

We believe that this case is not distinguishable from the basic facts presented in the 111 Bar Inc., case. As a matter of fact we believe that the instant case presents an even stronger case than that presented in the 111 Bar Inc. case.

See also **Wittenberg v. Board of Liquor Control, 52 Abs 65** and Myers v. Board of Liquor Control, No. 191667 of the docket of this Court.

We believe it clear that regardless of the status of Lela Davenport, Loretta Adams was an employee of the appellant and that her actions did constitute a violation of regulation 52. There is no proof whatsoever to the effect that she was an "independent contractor" and, **regardless**

of whatever concept the appellant may have had as to her relationship, the undisputed proof is to the effect that on the day in question she was actually tending bar, and doing so in the presence of the appellant's wife, who according to the appellant's testimony was in charge of the permit premises during his absence.

The order of the Board of Liquor Control therefore is affirmed. Entry may be prepared accordingly.