KHOURY, Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL et, Defendants-Apppellees.

No. 5678.   Decided October 4, 1957.

Paul F. Ward, Charles T. Kaps, Columbus, for plaintiff-appellant. William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty Genl., Columbus, for defendants-appellees.

## OPINION
By HORNBECK, J.

This is an appeal from an order of the Common Pleas Court finding that the order of the Board of Liquor Control, dismissing an appeal from an order of the Director of Liquor Control who had refused to renew D-5 permit issued to the appellant, was not supported by any evidence certified by the Board to the Common Pleas Court and remanding the proceedings to the Board of Liquor Control for further consideration.

The one assignment of error is that the Court of Common Pleas erred in remanding this cause to the Board of Liquor Control for further consideration after finding no evidence to support, the order of the Board of Liquor Control.

We have read Judge Bartlett's decision on the appeal to the Common Pleas Court and find that it is sound in the propositions therein advanced and in his finding that the order of the Board is not supported by any evidence certified by it to the Common Pleas Court. We hereinafter discuss the extent of the remand to the Board.

The facts in this case, as developed from the record which is before us, are that appellant was an applicant for the renewal of. his Class D-5 permit at 1018 Walnut Avenue, Cleveland 14, Ohio. The Department refused and rejected the application for seven specific reasons, which are set out at length in the order of the Director, and in it was found that the applicant made a false material statement in an answer to Question 10 in his application for renewal permit. The Director concluded that "the applicant was not a proper person to hold Class D-5 permit in view of his past record of operation both as an individual and as the President and sole stockholder of Khoury's Hough Bar, Inc.," as outlined herein above, "and in further view of his carefully planned and deliberate intent to violate the Liquor Control Act and the Regulations of the Board of Liquor Control." On the appeal to the Board, no consideration was given to any of the specific causes upon which the Director based his conclusion that the applicant was an unfit person to hold a Class D-5 permit. The reason for the order of the Board affirming the refusal to issue the permit is set out in the following entry:

'This cause coming on for hearing on an appeal of Norman Khoury, 1018 Walnut Avenue, Cleveland 14, Ohio, from an order of the Director of Liquor Control rejecting an application for a Class D-5 permit, was submitted to the Board of Liquor Control on the evidence, and on consideration thereof, said Board find that on January 20, 1955, the Court of Common Pleas of Franklin County, Ohio, in case of the Industrial Credit Company v. Norman Khoury, et al., No. 678911 on the docket of said Court, appointed a receiver of all the property of the defendant, Norman Khoury, situated at 1018 Walnut Avenue, Cleveland 14, Ohio, and that by reason thereof, the appellant was not the owner and operator of the permit premises and therefore the application for renewal of said Class D-5 permit should be rejected.

"It is therefore ordered that the within appeal be, and the same hereby is, dismissed."

We do not have the certificate of the Board as to the proceedings on the appeal from the order of the Department denying renewal of appellant's permit. Our statement of facts and the basis for the rulings of the Department and the Board are taken from the brief of the appellees in this Court. We assume they are correct.

Appellee discusses at considerable length the testimony which was before the Department including lettered exhibits. None of this testimony was before the Board. If any one of the specifications upon which the Department based its refusal to renew appellant's permit was before

the Board upon the appeal to the Board, it is not before us. Nor is there anything more to substantiate the fact upon which the Board rejected the application and dismissed the appeal than that which is set forth in its order. Manifestly, the only manner in which this evidence could have been before the Board was by its taking judicial notice of the case and the judgment which is set out in its order.

The Board was not taking judicial notice of its own records; it was taking judicial notice of the records of the Common Pleas Court of Franklin County, Ohio, in a certain case in which appellant was a party. The Board was without authority to take such notice. **Weinreich v. Franklin Savings and Loan Association, 27 Abs 198; Easterday v. Easterday, 24 Abs 155.**

If it could take judicial notice of the case, then that which it noted, namely, that the court "had appointed a Receiver over all the property of the defendant, Norman Khoury, situated at 1018 Walnut Avenue, Cleveland, Ohio," was inadequate to support an order refusing to renew his permit. Nothing before us indicates what period the permit applied for covered, when it was to begin, or when it would have terminated.

None of the details of the order in the Receivership case appear in the order of the Board. The Receiver may not have qualified; he may not have taken over any property affecting the permit. The right of the appellant to continue to operate under his permit might have been recognized. The facts recited by the Board respecting the appointment of a Receiver for the permit premises are too vague and too general to support the order of the Board even if it had the right to consider the judgment in the Common Pleas Court.

The effect of the appointment of the Receiver may have had no reference whatever or application to the reason upon which the Department based its refusal to renew appellant's permit, namely, that he was an unfit person to hold such a permit.

The sole question for consideration and determination of the Board upon the appeal from the order of the Department was whether or not its order, as of the date when entered, supported its refusal to grant the permit. **East Toledo Social Club v. Board of Liquor Control, 71 Abs 193.**

It clearly appears, as Judge Bartlett found, that not only was the record before him devoid of reliable, substantial and probative evidence to support the order of the Board, it was unsupported by any evidence shown to be relevant to the issue before the Board. This development required a remand of the case to the Board to accord to the appellant the right to a hearing on his appeal from the order of the Department refusing to renew his permit. To this the applicant was entitled. At that hearing, the Board should proceed as upon any like appeal and take testimony germane to the issue as provided by statute and its rules.

With the modification herein indicated, the judgment of the Common Pleas Court will be affirmed.

PETREE, PJ, MILLER, J, concur.